**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY
a/s/o SUSAN NAPOLI,

                Plaintiff,

      - against -

KOHLER COMPANY,

                Defendant,
-------------------------------------------------------------X
KOHLER COMPANY,

                Third-Party Plaintiff,

      - against -

WATTS WATER TECHNOLOGIES, INC.,

                Third-Party Defendant
-------------------------------------------------------------X

**ORDER**

CV 08-867 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Defendant/Third-Party Plaintiff Kohler Company ("Kohler") moves, pursuant to Local Civil Rule 37.3(c), for an order compelling subrogor Susan Napoli to comply with a subpoena to permit inspection of the subject premises related to this litigation. *See* DE 46. The subpoena calls for entry onto the premises located at 320 Van Cott Avenue in Farmingdale, New York, for inspection, measurement and testing of the water pressure. That address is the residence of Ms. Napoli, the subrogor, and is essentially the site of the incident from which the instant action arises.

      This case is a products liability action. Defendant's counsel maintains that the inspection is necessary to enable Kohler's expert to determine the water pressure provided to the subject

toilet -- an element that requires access to the premises. Kohler's counsel received a letter from Christopher Persad, Esq., stating that he was authorized to accept service of the subpoena for Ms. Napoli, but that he objected to the same and would not permit an inspection of the premises without a court order. *See* DE 46-1. Attorney Persad is associated with the law firm of Carman, Callahan & Ingham, LLP, the firm representing Plaintiff Liberty Mutual Insurance Company in this action. In addition, Jami Amarasinghe, Esq., another attorney associated with the firm of Carman, Callahan & Ingham, LLP, submitted a letter to the Court opposing Kohler's motion to compel compliance with the subpoena. *See* DE 48. Plaintiff's counsel argues that the information sought is not relevant in that more than three and a half years have passed since the loss and that there are other ways for Kohler to obtain the information it seeks. *Id*. Even if the information is relevant, Plaintiff argues, the inspection would cause an undue burden upon the Napolis. *Id.*

In reaching a determination here, the Court has reviewed the letter motion to compel, including the "Notice for Inspection," the Kohler testing protocol, and the Declaration of Kohler's expert C. Dennis Moore, all of which documents are annexed to the motion. The Court has also reviewed Plaintiff's opposition and the letter of Attorney Persaud to Kohler's counsel, as well as the applicable case law and cases cited by the parties. As an initial matter, I have examined the subpoena and find it to be duly constituted.

Fed. R. Civ. P. 26(b)(1) describes the scope of, and limitations on, discovery in civil litigation:

> **In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…. For good cause, the court may order discovery of any matter relevant to

> the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1). As Plaintiff's counsel notes, "[r]elevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"). This Court has held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." *Apicella v. McNeil Labs.*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In *Apicella*, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." *Id*.

As in every discovery context, a motion to compel is entrusted to the sound discretion of the district court. *See Am. Sav. Bank, FSB v. UBS Paine Webber, Inc., (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). The Second Circuit has noted that a "trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah, (In re DG Acquisition Corp.)*, 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992)). A district court is considered to have abused its discretion "if it bases its ruling on a mistaken application

3

of the law or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

"The party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." *Evans v. Calise,* No. 92-cv-8430, 1994 WL 185696 at *1 (S.D.N.Y. May 12, 1994); *United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (burden is on moving party to establish relevance). "Disclosure should not be directed simply to permit a fishing expedition." *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974). It is incumbent upon Kohler as the moving party here to provide the necessary linkage between the discovery sought and the defenses asserted in the case. I find that Kohler has established the relevancy of the information sought. As to Plaintiff's argument regarding the timing of the testing and the length of time since the underlying incident, I find that this argument goes to the weight of the information rather than to its relevance and admissibility at this time. For these reasons, I am GRANTING the motion to compel compliance with the subpoena at issue.

However, the Court is also mindful of the asserted burden to the Napolis. Therefore, I am directing counsel for Kohler to confer in good faith with the Napolis' counsel to work out cooperatively the timing of the inspection so that the inconvenience to the Napolis is kept to a minimum. In addition, Kohler is to make its expert available to do the testing in a time frame that does not require the Napolis to miss time from their employment, even if the inspection is to be conducted in the evening or during a weekend. Those details are to be worked out in advance between the attorneys in consultation with the Napolis. Given the testing protocol attached to the motion, the Court finds no reason why two days (as referenced by Plaintiff's counsel in its

opposition) would be necessary to complete the testing.  Frankly, the Court sees no reason why the testing should take more than two hours.  If the expert anticipates more than two hours, then Kohler's counsel will have to come back to this Court, in advance, to explain why.

The inspection is to take place no later than June 18, 2010.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　May 11, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge